IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID R. STEPP,
        Plaintiff,

    vs.              Case No. 3:02cv203

NCR CORPORATION,        JUDGE WALTER HERBERT RICE

        Defendant.

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO BIFURCATE (DOC. #22); ALTERNATIVE MOTION TO RECONSIDER EARLIER RULING OVERRULED; CONFERENCE CALL SET TO ESTABLISH TRIAL DATE AND OTHER DATES

---

The Defendant moves, pursuant to Fed. R. Civ. P. 42(b), for an Order bifurcating trial in the captioned cause, proceeding first on the threshold issue of whether the underlying claims of the Plaintiff in this litigation are subject to mandatory arbitration. In the event that this Court decides that the underlying claims are so subject, the captioned litigation will be referred to arbitration. A contrary ruling, of course, would then require the second phase of the bifurcated trial, a full-blown hearing on the merits of the Plaintiff's claims in this Court. In the

event that its Motion for Bifurcation is overruled, the Defendant asks the Court to reconsider its earlier ruling which overruled Defendant's Motion to Dismiss and to Compel Arbitration (Doc. #3).

The Plaintiff, David Stepp ("Stepp"), filed the present action against NCR on May 1, 2002.  In his Complaint, Stepp alleged that NCR discriminated against him in his employment and terminated him, because of his age, in violation of federal and state age discrimination statutes.  NCR moved to dismiss the captioned cause and to compel arbitration based upon what it considered to be a binding arbitration agreement entered into by the parties.  That motion was overruled by the Court on September 23, 2004 (Doc. #20), because the Court found a genuine issue of material fact to exist as to whether any offer to arbitrate was ever received by Stepp, and because the contract to arbitrate lacked mutuality of obligation and, thus, lacked consideration.

Rule 42(b) of the Federal Rules of Civil Procedure gives authority to a court to order a separate trial of any issue "when separate trials will be conducive to expedition and economy."  Saxion v. Titan-C-Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir. 1996).  It must be emphasized that this Court treated the Defendant's Motion to Compel Arbitration as one for summary judgment, without an evidentiary hearing.  Had this Court overruled said motion, merely because it found a genuine issue of material fact as to whether any offer to arbitrate (contained in the ACT

materials was ever received by Plaintiff, this Court would have undoubtedly granted the Defendant's Motion for Bifurcation and convened a mini-trial on the issue of the arbitrability of the Plaintiff's underlying claim. However, this Court made one additional finding, to wit: that the contract to arbitrate lacked mutuality of obligation and, thus, lacked consideration. Rightly or wrongly, this Court has concluded that the arbitration provision in question, even if received and zealously reviewed by the Plaintiff, was unenforceable, because of lack of mutuality of obligation and, hence, consideration. Accordingly, there is no need for such a mini-trial.

In the alternative, the Defendant asks the Court for reconsideration of its earlier decision which would include, by definition, its legal conclusion on the lack of mutuality of obligation/consideration. While this Court is hardly above human error, it, quite frankly, believes that its earlier Opinion on this issue was correct. While there is no doubt that this Court can reconsider and modify an interlocutory opinion such as the one at issue herein, NCR was on notice that the Plaintiff believed the arbitration agreement failed for lack of consideration. Doc. #14 at 8-10. In response, the Defendant presented legal and factual arguments in opposition to that argument. Doc. #16. Given that NCR has already had the opportunity to address this legal issue, through submissions and affidavits, reconsideration, with or without an additional evidentiary hearing, is not necessary.

The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice. Petition of U. S. Steel Corp., 479 F.2d 489, 494 (6th Cir. 1973).  Defendant has established none of these grounds.

In asking for reconsideration, NCR has misunderstood the Court's ruling, by reading it to mean that "since the limitations on Defendant's ability to modify or deviate from the ACT program were not temporal in nature as in [Morrison v. Circuit City Stores, Inc., 317 F.3d 646 (6th Cir. 2003)], they were insufficient to constitute adequate consideration." Doc. #20 at 16-17. However, the reference to Morrison in the Decision was to distinguish it from the present case, and was made in response to NCR's reliance upon it. Further reading of the Decision would reveal that the flaw that doomed the arbitration agreement herein was the fact that the "'limits' that NCR has purported to bind itself to are more in the nature of suggestions than binding conditions." Doc. #20 at 17. The flaw pointed out by the Court was not the lack of temporal limits to NCR's ability to modify the agreement, but the lack of any limits at all.

NCR has suggested that reconsideration is appropriate because "[t]he Court found it significant that Defendant made changes to the ACT program," but the actual modifications have not been fully explored or analyzed. Doc. #24 at 9.  At the core of NCR's argument is the fact that all the changes they have made have

-4-

been beneficial to the employees and created greater obligations on NCR's behalf. Id.; see also, Doc. #20 at 5-6. While commendable, this restraint by NCR is irrelevant. At issue is not the type of changes NCR has made, but the fact that NCR had the power to make them and that they were made at all. See, Floss v. Ryan's Family Steak Houses, Inc., 211 F.3d 306 (6th Cir. 2000) (finding that where arbitration agreement could be changed without the notice or consent of the employee, no valid contract to arbitrate existed). NCR has pointed to no intervening change of controlling law. Neither has it pointed to any evidence that was not available to it before the Court's earlier Order,[1] nor has it demonstrated the need to correct a clear error or to prevent manifest injustice. Therefore, reconsideration is not justified.

---

[1] As part of its Reply in Support of its Motion to Bifurcate (Doc. #24), NCR has attached the Affidavit of Shelly Reed, an attorney at NCR. Ms. Reed has asserted that any changes made to the agreement were prospective and posted to the company's intranet. Reed Aff. at ¶ 7. Assuming *arguendo* that this is legally sufficient notice, since Ms. Reed was, and is, an employee of NCR, all the information she has asserted was available to it, prior to the Order overruling its Motion to Dismiss.  Therefore, it does not constitute new evidence.

Counsel of record will take note that a brief telephone conference call will be held, between Court and counsel, beginning at 8:45 a.m. on Tuesday, October 11, 2005, for the purpose of setting a trial date and other dates leading to the resolution of this litigation.

|  |  |
|---|---|
|  | /s/ Walter Herbert Rice |
| September 27, 2005 | WALTER HERBERT RICE<br>UNITED STATES DISTRICT JUDGE |

Copies to:

All Counsel of Record

WHR/slc